**\*\* E-filed April 2, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and DELMA MITCHELL, Revenue Officer,<br><br>    Petitioners,<br>  v.<br><br>VU H. LE,<br><br>    Respondent.<br>_____/ | No. C10-00373<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Re: Docket No. 1]** |

This matter is before the court on an order to show cause why respondent Vu H. Le should not be required to appear before the Internal Revenue Service ("IRS") in compliance with an IRS summons. Le did not file any papers in response to the order to show cause or appear at the March 30, 2010 hearing. Because respondent has not consented to proceed before a magistrate judge, the undersigned has prepared a report and recommendation as to the instant petition and directs the Clerk of the Court to reassign this case to a District Judge. Having considered the moving papers and all other evidence of record, this court recommends that the petition be GRANTED.

**BACKGROUND**

According to the petition, the IRS is conducting an investigation as part of a collection effort for certain tax liabilities of respondent. (Pet. ¶ 3.) Petitioners believe that respondent has possession and control of records, paper, and other data concerning the IRS's inquiry, as to which the IRS has no access, possession, or control. (*Id.* ¶ 5.) As part of its investigation, petitioners

1  served a summons on respondent; the record before the court shows that service properly was made
2  pursuant to 26 U.S.C. § 7603.[1]  On November 4, 2009, petitioner Mitchell served a summons on
3  respondent by leaving a copy of the summons at his last and usual place of abode.  (*Id.* ¶ 6 & Ex.
4  A.)  Respondent did not appear on November 20, 2009 as requested.  Petitioner provided respondent
5  with another opportunity to appear and comply on December 30, 2009.  He did not do so.  (*Id.*
6  ¶¶ 8–10 & Ex. B.)
7  On January 27, 2010, petitioners filed the instant verified petition to enforce the summons.
8  On February 2, 2010, this court issued an order to show cause setting a hearing for March 30, 2010.
9  Petitioners have submitted evidence showing that the order to show cause and verified petition were
10 personally served on respondent on February 5, 2010.  (Docket No. 5)  However, Le never filed a
11 written response to the order to show cause or the verified petition.  Nor did he appear at the March
12 30, 2010 hearing on this matter.

## DISCUSSION

14 Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the
15 investigation of any taxpayer's liability.  Summons may be issued for the purposes of "ascertaining
16 the correctness of any return, making a return where none has been made, determining the liability
17 of any person for any internal revenue tax or . . . collecting any such liability."  26 U.S.C. § 7602(a).
18 To enforce a summons, the IRS must establish a prima facie case for enforcement by showing that
19 the summons (1) is issued for a legitimate purpose, (2) seeks information relevant to that purpose,
20 (3) seeks information that is not already in the IRS's possession, and (4) satisfies all of the
21 administrative steps set forth in the Internal Revenue Code.  *United States v. Powell*, 379 U.S. 48,
22 57–58 (1964).  "The government's burden is a slight one, and may be satisfied by a declaration from
23 the investigating agent that the *Powell* requirements have been met."  *United States v. Dynavac,*
24 *Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993).  The purpose of this minimal burden is to "ensure that the
25 ///

---

[1] Title 26 United States Code, Section 7603 provides that service of summons shall be made "by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode."  26 U.S.C. § 7603(a).  Further, "the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons."  *Id.*

United States District Court
For the Northern District of California

enforcement powers of the IRS are not unduly restricted." *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985).

Once the government has met its burden in establishing the *Powell* elements, if the taxpayer chooses to challenge the enforcement, he bears a heavy burden to show an abuse of process or lack of good faith on the part of the IRS. Indeed, "[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." *United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992). " 'The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose." *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999) (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997)).

While the government's burden is not great, it is not necessarily satisfied by an agent's mere assertion of relevance. *United States v. Goldman*, 637 F.2d 664, 667 (9th Cir. 1980). Once a summons is challenged, the court must scrutinize the summons to determine whether it seeks information relevant to a legitimate investigative purpose, and the court may choose either to refuse enforcement or narrow the scope of the summons. *Id.* at 668.

In the instant case, petitioners have met their initial burden of showing that the *Powell* elements have been satisfied, largely through the verification of the petition by Revenue Officer Mitchell. *See Crystal*, 172 F.3d at 1144 (finding that the special agent's declaration satisfied the *Powell* requirements and that the government therefore "established a prima facie case to enforce the summonses"); *Dynavac, Inc.*, 6 F.3d at 1414 (stating that the government's burden "may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met"); *United States v. Bell*, 57 F. Supp. 2d 898, 906 (N.D. Cal. 1999) ("The government usually makes the requisite *prima facie* showing by affidavit of the agent.").

Here, the verified petition indicates that the IRS's investigation is being conducted for the legitimate purpose of ascertaining respondent's tax liabilities for certain years to prepare a Collection Information Statement. (Pet. ¶¶ 3.) The summons is relevant to that purpose; it asks Le to appear and bring with him documents pertaining to his assets and liabilities (e.g., bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit, current vehicle registration certificates, deeds or contracts regarding real property, stocks

and bonds, accounts, notes and judgments receivable, and all life or health insurance policies).  (*Id.* Ex. A.)  The petition further indicates that the information is not already in the IRS's possession, that there has been no referral for criminal prosecution of this matter, and that all administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken.  (Pet. ¶¶ 5, 7, 11–12 & Exs. A, B.)

Although the record presented demonstrates that respondent was served with notice of these proceedings, he failed to respond at all to the verified petition or the court's order to show cause.  Accordingly, he has not met his burden of showing an abuse of process or lack of good faith on the part of the IRS, and this court recommends that the verified petition to enforce the IRS summons be granted.

**RECOMMENDATION**

Based on the foregoing, this court recommends that the petition be granted and that an order be issued enforcing the IRS summons and directing Le to appear before the IRS on a date approximately thirty days from the date of the court's order to provide testimony and produce the requested documents and records.

Petitioners are instructed to serve promptly a copy of this report and recommendation on respondent and to file a proof of service with the court.  Any party may file objections to this report and recommendation with the district judge within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. R. 72-3.

**IT IS SO ORDERED.**

Dated: April 2, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C10-00373 HRL Notice will be electronically mailed to:**

Blake D. Stamm     blake.d.stamm2@usdoj.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**